UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRP ENTERTAINMENT, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BC ENTERTAINMENT, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | 2:08-cv-00579-LDG-CWH <br><br> **REPORT AND RECOMMENDATION** |

This matter came before the Court on Plaintiff TRP Entertainment, LLC's ("Plaintiff") Motion to Strike Defendant Barrie Cunningham's ("Defendant Cunningham") Answer to Complaint and for Dispositive Sanctions, made orally during the Court's Order to Show Cause Hearing held on June 7, 2013. Defendant Cunningham failed to appear at the hearing.

## BACKGROUND

On March 11, 2013, Plaintiff filed a Motion to Vacate and Reset Settlement Conference. Pla.'s Mot. #82. The Court issued an Order on March 21, 2013 requiring Defendant Cunningham to respond to Plaintiff's Motion by March 25, 2013. *See* Order #84. Defendant Cunningham failed to file a response as ordered. On March 27, 2013, the Court granted Plaintiff's Motion #82 noting that Defendant Cunningham consented to the granting of the motion pursuant to Local Rule 7-2(d) and reset the settlement conference to May 8, 2013. *See* Order #85. Approximately one month later, on April 23, 2013, Defendant Cunningham sent the Court a letter stating unequivocally that he would not attend the settlement conference. *See* Letter #86 (subsequently stricken). The letter was not styled as a motion and was an untimely response to Plaintiff's Motion. Consequently, the Court issued an order striking it from the record. Order #89. As a result, Defendant Cunningham was put on notice that he was not excused from the May 8, 2013 settlement conference.

On May 7, 2013, one day before the settlement conference, the undersigned still had not received Defendant Cunningham's confidential settlement conference statement, which was due on May 1, 2013. *See* Order #85. The Court attempted to contact Defendant Cunningham via telephone at the number on file with the Court to no avail. Defendant Cunningham was also sent an e-mail requesting that he send his settlement conference statement electronically. Defendant Cunningham responded that he was in Europe and would not be attending the settlement conference. *See* Notice of Correspondence (#91). After receipt of this correspondence, the Court vacated the settlement conference. *See* Order #90.

On May 8, 2013, the Court issued an Order to Show Cause and set a hearing for June 7, 2013. Order #92. The Court also ordered Defendant Cunningham to submit a written brief by May 22, 2013 addressing why the Court should not impose sanctions up to and including recommending that default be entered against him for his refusal to appear at the scheduled settlement conference and failure to comply with court orders in violation of Fed. R. Civ. P. 16(f). *Id.* Defendant Cunningham did not file a response brief as instructed. The undersigned conducted the show cause hearing on June 7, 2013 and Defendant Cunningham failed to appear. *See* Minutes of Proceeding #96. At the hearing, Plaintiff requested that case-dispositive sanctions be entered specifically, (1) Defendant Cunningham's Answer be stricken and (2) default judgment be entered against Defendant Cunningham.

**DISCUSSION**

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that charge as a guide that this Court construes and administers the Federal Rules. There are several mechanisms whereby the Court can accomplish this goal, such as entering case-dispositive sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.

For example, Fed. R. Civ. P. 16 is a central pretrial rule that authorizes the court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine*

1 *Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth
2 into these objectives by permitting the judge to make such orders as are just for a party's failure
3 to obey a scheduling or pretrial order." *Id*. Rule 16(f) specifically provides that "the court may
4 issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its
5 attorney . . . fails to obey a scheduling order or other pretrial order." Two sanctions available to
6 the Court under Rule 37(b)(2)(A)(iii) are striking a defendant's answer and entering default
7 against him.

8 When sanctions are warranted, the Court must determine the appropriate level or severity
9 of sanctions based on the circumstances of the case. Generally, a case-dispositive sanction
10 should only be imposed as a last resort. *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir.
11 1993). The Ninth Circuit has constructed a five-part test to determine whether a case-dispositive
12 sanction under Rule 37 (b)(2) is just: "(1) the public's interest in expeditious resolution of
13 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
14 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
15 drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d
16 1091, 1096 (9th Cir. 2007). The test provides the courts with a way to think about what to do
17 rather than a set of conditions precedent for imposing sanctions.

18 Moreover, the Ninth Circuit has indicated that it is not always necessary for the court to
19 impose less severe sanctions first, or to give any explicit warning that a case-dispositive sanction
20 may be imposed. *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057
21 (9th Cir.1998). Indeed, the court may consider all of the offending party's conduct when making
22 its determination of the appropriate sanction. *Henry*, 983 F.2d at 947. However, the disobedient
23 party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be
24 appropriate. *Henry*, 983 F.2d at 947-48 (*citing Fjelstad v. American Honda Motor Co.*, 762 F.2d
25 1334, 1337 (9th Cir. 1990)).

26 The Court will now address the relevant factors in deciding whether the severe sanctions
27 of striking Defendant Cunningham's Answer and entering default against him are warranted in
28 this case.

**1.     Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, Defendant Cunningham failed to comply with several court orders by failing to submit a confidential settlement conference statement, indicating that he would not comply with the Court's order to appear at the settlement conference, failing to submit a response brief for the order to show cause hearing, and failing to appear at the order to show cause hearing. This behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Accordingly, this factor weighs in favor of entering a case-dispositive sanction against Defendant Cunningham.

**2.     Court's Need to Manage Its Docket**

It has long been recognized that the court's inherent power to control its docket includes the ability to issue severe sanctions, such as striking an answer or entering a default judgment, where appropriate. *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). Indeed, the Supreme Court has noted that case-dispositive sanctions, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Here, Defendant Cunningham repeatedly disregarded the Court's orders as outlined above. As a result, it appears as though Defendant Cunningham willingly ignored, avoided, and otherwise refused to comply with the Court's orders. Additionally, Defendant Cunningham has not provided a valid justification for his failure to comply with the Court's orders. These failures have thwarted the advancement of this case making it difficult for the Court to effectively manage its docket. As a result, this factor weighs in favor of recommending case-dispositive sanctions be entered.

**3. Risk of Prejudice**

The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial. Defendant Cunningham has refused to participate in this case through the willful violation of the Court's orders. These actions are highly prejudicial and impair the ability of Plaintiff to go to trial. Accordingly, this factors weighs in favor of imposing case-dispositive sanctions.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" case-dispositive sanctions. *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Although this factor may cut against recommending that Defendant Cunningham's answer be struck or default be entered against him, it is not enough to prevent such a recommendation. Indeed, Defendant Cunningham's lack of participation has made it impossible for the Court to continue the case.

**5. Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. Two questions facilitate this analysis: (1) whether the court considered lesser sanctions and their adequacy and (2) whether the court warned the recalcitrant party about the possibility of case-dispositive sanctions. *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

It is apparent that Defendant has not participated in good faith and he has no intention of attempting to comply with his pre-trial obligations. As a result, less drastic sanctions would not be effective in this case. Indeed, the Court finds that Defendant Cunningham has demonstrated bad faith in willfully ignoring the Court's prior orders to appear at a settlement conference, an order to show cause hearing, and submit a confidential settlement statement and written response to the order to show cause. The Court can only conclude that Defendant Cunningham has abandoned his defense of this case and, therefore, this factor weighs in favor of recommending case-dispositive sanctions be entered.

In conclusion, case-dispositive sanctions are appropriate where four factors support them, or where at least three factors "strongly support" them. *See Yourish v. California Amplifier*, 191

F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  As four factors support striking Defendant Cunningham's Answer and entering default against him, the Court recommends that such sanctions be imposed.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Strike Defendant Barrie Cunningham's Answer to Complaint and for Dispositive Sanctions be **granted**.

**IT IS FURTHER RECOMMENDED** that Defendant Cunningham's Answer be stricken and default judgment be entered against him.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**